IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRACY RHINE,

      Plaintiff,

v.                                Civil Action No. 5:13cv31
                                      (Judge Stamp)

UNITED STATES OF AMERICA,

      Defendants.

**REPORT AND RECOMMENDATION THAT**
**APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT**
**COMPLAINT BE DISMISSED WITHOUT PREJUDICE**

On February 28, 2013, while incarcerated at Federal Medical Center, Carswell ("FMC Carswell") in Ft. Worth, Texas, the *pro se* plaintiff initiated this case by filing a Federal Tort Claim Act complaint pursuant 28 U.S.C. § 2671, *et seq.* along with a motion for leave to proceed *in forma pauperis* ("IFP"). Because the plaintiff did not file her complaint in the proper form, pay the filing fee or provide a copy of her application to proceed *in forma pauperis* ("IFP") on the proper form, with a copy of her Prisoner Trust Account Report and her Consent to Collect, the Clerk of Court issued a deficiency notice the same day, advising her to file all of the above-named corrected documents within 21 days. On March 26, 2013, having received no response to the Notice of Deficient Pleading, a Show Cause Order was issued, advising plaintiff that her case would be dismissed for failure to prosecute if she did not show cause otherwise, by April 9, 2013. As of the date of this Report and Recommendation, plaintiff has not responded. However, because the plaintiff is not entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), there is no need to wait for her response.

The PLRA has restricted when a complaint may be filed without prepayment of fees.

1

Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plaintiff was convicted in December, 2009. Since July of 2010, excluding a motion to vacate under 28 U.S.C. §2255 and including this action, she has initiated 19 actions in the four federal district courts in the districts where she was incarcerated. Five of those cases have been dismissed as frivolous or for failure to state a claim.[1] Twelve are still pending. Plaintiff has repeatedly raised the same or very similar issues in several of them that she is alleging in this complaint.

As set forth above, the plaintiff has filed at least three civil actions which were dismissed on the grounds of being frivolous, malicious, or failing to state a claim upon which relief may be granted. Therefore, based on the strikes the plaintiff has accumulated, she may not file another complaint without prepayment of fees unless she is in "imminent danger of serious physical injury." The plaintiff is seeking monetary damages from the United States based on the alleged complete failure of Hazelton SFF staff to provide her with medical treatment, including an exam by an orthopedic surgeon, for a lower back injury she alleges she sustained in a physical attack from another inmate. The undersigned notes that a review of the medical records plaintiff

---

[1] In the Northern District of Texas, case No. 4:11cv26, a civil rights action was dismissed for failure to state a claim; in the Northern District of Texas, in case No. 4:11cv76, a civil rights action, the court entered an Order partially dismissing the case as frivolous and for failure to state a claim – the plaintiff appealed the partial dismissal to the 5th Cir. Court of Appeals, where the N.D. of Texas' judgment was affirmed, and she was warned she already had 2 strikes; in the Northern District of Texas case No. 3:11cv698, a civil rights action, the case was dismissed as frivolous, and plaintiff was again warned of the 3-strike rule; in the Northern District of Texas, case No. 4:12cv64, a civil rights action, the case was dismissed for failure to state a claim; and in the Southern District of Illinois, case No. 3:12cv214, yet another civil rights action, the case was dismissed for failure to state a claim; the plaintiff was again warned that the dismissal counted as a strike under the 3-strike rule.

produced in an earlier case indicate that plaintiff's claims regarding being completely denied medical care, and being denied an orthopedic exam, have no merit,[2] thus plaintiff's claims are frivolous as well. Moreover, to the extent that plaintiff alleges that she suffers from a permanent back injury and will probably or has already developed arthritis as a result, she fails to state a claim which would suggest that she is in imminent danger of serious physical injury, let alone in any danger at all.

The undersigned is aware that the plaintiff has been released from custody since filing her complaint. However, Section 1915(g) begins: "In no event shall a prisoner **bring** a civil action or appeal" if on three or more occasions [s]he has brought a suit that qualifies as a strike. 28 U.S.C. §1915(g) (emphasis added). The use of the word "bring" offers a clear indication that the provision goes into effect and bars the suit under the *in forma pauperis section* at the moment the plaintiff filed her complaint. See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998)(in determining when the "imminent danger" exception applies, noting that "the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made"). "Had Congress intended that the three strikes rule would no longer apply once a prisoner has been released, it would have written the statutory provision differently." Harris v. City of New York, 607 F.3d 18 (2nd Cir. 2010). Therefore, because the plaintiff was a prisoner when she brought this action, the text of the statute mandates that the three strikes rule apply.

For the reasons stated above, it is hereby **RECOMMENDED** that the plaintiff's Motion for Leave to Proceed *in forma pauperis* (Dkt.# 2) be **DENIED** and her complaint (Dkt.# 1) be **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to 28 U.S.C. §1915A(b)(1), and also pursuant to 28 U.S.C. §§1915(g) and Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir.

---

[2] N.D.W.Va. 5:12cv67, Dkt.# 29-2 at 6; Dkt.# 29-3 at 2; and Dkt.# 25-2 at 6.

3

2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. [S]he must pay the filing fee at the time [s]he initiates the suit.").

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation*,* **or by April 23, 2013,** any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to her last known address as shown on the docket.

DATED: April 9, 2013

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

.